# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2020

Lyle W. Cayce
Clerk

No. 19-50079
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL RODRIGUEZ-PRIETO, also known as Aristeo Huerta,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-197-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Miguel Rodriguez-Prieto challenges the procedural and substantive reasonableness of his illegal reentry sentence of 96 months of imprisonment, an upward variance from the guidelines range of 37 to 46 months. Because he did not object to the reasonableness of the sentence in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). However, Rodriguez-Prieto's arguments fail even under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50079

abuse-of-discretion standard that applies to preserved challenges to the reasonableness of a sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

According to Rodriguez-Prieto, the district court procedurally erred by relying on his criminal history to impose the variance without considering certain factors under 18 U.S.C. § 3553(a). He also asserts that the court failed to consider the guidelines range and to provide adequate reasons for the sentence. The district court expressly considered and rejected a sentence within the guidelines range and provided fact-specific reasons why the upward variance was consistent with several § 3553(a) factors. It was not required to address each § 3553(a) factor individually. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). We find no procedural error. *See id.*

Next, Rodriguez-Prieto contends that the variance was substantively unreasonable because the district court made a clear error of judgment weighing the sentencing factors. Specifically, he asserts that the court did not account for the nature, circumstances, and seriousness of the offense of illegal reentry. The record shows, however, that the court gave special weight to those factors, emphasizing that Rodriguez-Prieto was previously deported twice, had a prior conviction for illegal reentry, and illegally returned shortly after completing an 87-month sentence for the same offense. The court also emphasized that Rodriguez-Prieto's illegal reentry as a repeat sex offender posed a unique danger to the public, given his pattern of noncompliance with sex offender registration requirements and his ability to avoid further monitoring upon illegal reentry.

Additionally, Rodriguez-Prieto contends that the district court gave significant weight to an improper factor by relying on his criminal history to impose the upward variance when it was accounted for already in his criminal history category. "A defendant's criminal history is one of the factors that a

court may consider in imposing a non-Guideline sentence," notwithstanding its use in determining the guidelines range. *Id.* at 709. Moreover, nine of Rodriguez-Prieto's 11 prior convictions did not receive criminal history points.

To the extent Rodriguez-Prieto also asserts that the degree of the variance was unreasonable, he cites no caselaw to support the assertion. We have found no abuse of discretion in other cases where the district court imposed a significant variance for similar reasons. *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 805-07 (5th Cir. 2008) (affirming upward variance of 42 months based on the defendant's conviction, arrest, and deportation history); *Smith*, 440 F.3d at 705-06, 709-10 (affirming upward variance of 33 months based on the defendant's criminal history, parole status, and quick recidivism). We defer "to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Because Rodriguez-Prieto shows no error, plain or otherwise, in the imposition of his sentence, the judgment of the district court is AFFIRMED.